IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FHF PARTNERS,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN AUERBACH,<br><br>Defendant. | CASES CONSOLIDATED UNDER DOCKET NO. 05-cv-5309 |
| STEVEN LANDAU,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN AUERBACH,<br><br>Defendant. | CIVIL ACTION NO. 05-6013 |

**ORDER**

AND NOW, this ______ day of ____________, 2006, upon consideration of the Motion by Kevin Auerbach for leave to join Steven Landau, Kenneth Henley, Buchanan Ingersoll Professional Corporation and Michael J. Flinn, Esquire as third party defendants in the action styled *FHF Partners v. Kevin Auerbach* and the opposition thereto, it is hereby ORDERED that the Motion is Denied with respect to Steven Landau.

BY THE COURT:

________________________________
Petrese B. Tucker, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FHF PARTNERS,<br>Plaintiff,<br>v.<br>KEVIN AUERBACH,<br>Defendant. | CASES CONSOLIDATED UNDER DOCKET NO. 05-cv-5309 |
| STEVEN LANDAU,<br>Plaintiff,<br>v.<br>KEVIN AUERBACH,<br>Defendant. | CIVIL ACTION NO. 05-6013 |

**RESPONSE OF STEVEN LANDAU TO MOTION BY KEVIN AUERBACH FOR LEAVE TO JOIN STEVEN LANDAU, KENNETH HENLEY, BUCHANAN INGERSOLL PROFESSIONAL CORPORATION AND MICHAEL J. FLINN, ESQUIRE AS THIRD PARTY DEFENDANTS IN THE ACTION STYLED *FHF PARTNERS v. KEVIN AUERBACH***

Steven Landau submits this memorandum of law in opposition to the motion by Kevin Auerbach for leave to join Steven Landau, Kenneth Henley, Buchanan Ingersoll, P.C. and Michael Flinn as third party defendants in the action styled *FHF Partners v. Kevin Auerbach.*[1]

[1] The *FHF Partners* case and the *Landau v. Auerbach* case have been consolidated for purposes of pretrial proceedings. The *Landau* dispute concerns claims against Kevin Auerbach for breach of

**[Footnote continued on next page]**

## INTRODUCTION

Auerbach's motion should be denied because Auerbach fails to demonstrate that he has met each of the requirements for joinder pursuant to Federal Rule of Civil Procedure 14(a):

- Joinder is untimely;
- Joinder will complicate this litigation;
- The third party complaint will not avoid multiple litigations or settle multiple matters in one suit; and
- Auerbach fails to demonstrate how Landau may be liable to Auerbach for all or part of FHF's claims against Auerbach.

## ARGUMENT

Auerbach should not be granted leave to file a third party complaint for contribution against Landau. Rule 14(a) provides that "a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff." Fed. R. Civ. P. 14(a). In entertaining such a motion, the Court

---

fiduciary duty, oppression of a minority shareholder, violation of the Pennsylvania Wage Payment and Collection Law and conversion arise out of their ownership and operation of KASL Enterprises, Inc. ("KASL"). Landau alleges that Auerbach violated his fiduciary duty to Landau by numerous misrepresentations and other acts by which Auerbach obtained control over KASL in late 2004 and the first half of 2005; withheld from Landau his salary; removed Landau as an officer, director and employee of KASL; looted KASL's assets; and formulated, threatened and implemented a plan to force KASL into insolvency as a means of depriving Landau of any ownership interest in KASL or in KASL's intellectual property, all of which was created by Landau. Landau also alleges that Auerbach is holding the company hostage, based on Auerbach's insistence on obtaining a personal release, as a component of any resolution of disputes over the operation of the business of the corporation.

should consider: (1) the timeliness of the motion; (2) whether the filing of the third party complaint would introduce an unrelated controversy or unduly complicate the case at trial; (3) the likelihood and extent of delay; (4) whether the third party complaint would avoid multiple litigations and settle related matters in one suit; (5) the merit of the third party complaint; and (6) the possible prejudice to the plaintiff. *See Industrial Valley Bank & Trust Co. v. First Commercial Corporation*, No. 86-1265, 1986 U.S. Dist. LEXIS 22526, at *6-7 (E.D. Pa. July 21, 1986).

Auerbach fails to meet any of these requirements, and, therefore, the motion should be denied.[2]

## I. JOINDER IS UNTIMELY.

There simply is no basis for Auerbach's claim that he now "timely seeks leave to file and serve a Third Party Complaint against Landau, Henley, BIPC and Flinn seeking contribution." *See* Motion for Leave, at 3. The time within which Auerbach was permitted to assert a third-party complaint expired three months earlier, on June 30, 2006. Auerbach answered the original complaint in this case on December 23, 2005. He did not assert a third-party complaint within 90 days after that. Although Auerbach did not answer the amended complaint until June 30, 2006, he knew at that time that the Joint Scheduling Order dated June 21, 2006 made the deadline to join additional parties, amend pleadings, amend claims and counterclaims June 30, 2006. A copy of the Joint Scheduling Order is attached hereto as Exhibit

---

2 Elements three and six are better addressed by the plaintiff as they go to the harm the plaintiff will suffer if the motion is granted. Therefore, Landau will defer to the plaintiff on these elements.

A. He neglected to assert a third-party complaint on or before June 30, 2006, as well. Accordingly, his motion for leave is out of time and should be denied for that reason alone.

Auerbach's reliance on Local Rule 14.1, which permits a party to join third parties for a period of ninety days following the defendant's answer, is misplaced as it was superseded by the Joint Scheduling Order. Auerbach certainly was well aware of the June 30, 2006 deadline. Not only was the Joint Scheduling Order drafted and submitted by Auerbach's counsel, but on June 30, 2006, the deadline date set by the Order, Auerbach filed a motion to join Landau and Henley pursuant to Federal Rule of Civil Procedure 19. Auerbach then withdrew that motion without explanation (after Landau had been put to the expense of responding), ending his opportunity to join Landau in this lawsuit. [3]

Because Auerbach has run out of time to join additional parties, the motion for leave to join Landau should be denied.

## II. JOINDER WILL COMPLICATE THIS LITIGATION.

Auerbach claims that joinder will clarify the issues at trial, not confuse them (Motion for Leave, at 12) and will settle related matters in one suit (*Id.*, at 13). These assertions simply are wrong. Adding Landau as a third party defendant will only further muddy these already murky waters. Auerbach was the plaintiffs' investment advisor. Landau was not. Plaintiffs have alleged that Auerbach had committed not only common law fraud by misrepresenting certain facts to plaintiffs, but that he committed securities fraud as their investment advisor. Because Landau is not an investment advisor and played no part in offering

---

[3] Auerbach withdrew that motion after Landau filed his response to that motion. *See* Praecipe to withdraw motion to join Landau, et al, attached hereto as Exhibit B.

or purporting to offer such investment advice to plaintiffs, his inclusion in plaintiffs' claims against Auerbach will cause unnecessary confusion and complicate the already factually-intricate issues in this litigation.

## III. THE THIRD PARTY COMPLAINT WILL NOT AVOID MULTIPLE LITIGATION OR SETTLE MULTIPLE MATTERS IN ONE SUIT.

Plaintiffs have not asserted any claims against Landau. It is well-settled that a plaintiff is master of his complaint. *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1256-57 (3d Cir. 1996). Here, plaintiffs assert only that Auerbach "misrepresented and omitted material facts in connection with FHF's purchase of its partnership interest in KASL," "was paid substantial sums for purporting to oversee KASL's management, development and investment strategies as 'investment advisor' and/or 'investment advisor representative.'" *See* Amended Complaint of FHF Partners at ¶¶ 28-38, attached hereto as Ex. C. Plaintiff makes no allegation that Landau was an investment advisor or investment advisor representative or that Landau made any misrepresentations or omissions of any kind. And, because Landau cannot be held responsible or secondarily liable to Auerbach for his conduct about which plaintiffs have filed their amended complaint (*see* section IV, *infra*), Auerbach can identify no other matter or potential litigation the third party complaint would settle.

## IV. AUERBACH FAILS TO DEMONSTRATE HOW LANDAU MAY BE LIABLE TO AUERBACH FOR ALL OR PART OF FHF'S CLAIMS AGAINST AUERBACH.

A third party defendant cannot be joined under Federal Rule of Civil Procedure 14 simply because that party may be liable to the plaintiff. *Bike v. American Motors Corp.*, 101 F.R.D. 77, 78 (E.D. Pa. 1984). This is because the plaintiff has a right to choose the party against whom he or she wishes to institute an action. A defendant cannot compel a plaintiff to

sue a third party by asserting in a third party complaint direct liability between the plaintiff and the third party defendant. *Scott v. Walter Kidde Portable Equipment, Inc.*, No. 02-1460, 2002 U.S. dist. LEXIS 15337, *3-4 (E. D. Pa. Aug. 12, 2002); *Feinagale v. Pittsburgh & Lake Erie Railroad Co.*, 595 F. Supp. 316, 318 (W.D. Pa. 1983). "A third party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant. If the claim is separate or independent from the main action, impleader will be denied." C.A. Wright, A. Miller, M. K. Kane, Federal Practice and Procedure, Vol. 6, § 1446, at 355-58 (1990).

Auerbach has no claim for contribution again Landau. The right of contribution is available only among joint tortfeasors. *Walter Kidde*, 2002 U.S. Dist. LEXIS 15337, at *4; *Schiele v. Simpson Safety Equip., Inc.*, No. 91-1872, 1992 U.S. Dist. LEXIS 4236, at *7 (E.D. Pa. Apr. 7, 1992). Joint tortfeasors are "two or more persons jointly or severally liable in tort for the same injury to persons or property." *Walter Kidde*, 2002 U.S. Dist. LEXIS 15337, at *5. The parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury. *Id.*

Auerbach makes ***no*** showing that he and Landau are joint tortfeasors. Not surprisingly, Auerbach completely ignores any reference to Landau in his argument as to why the third party complaint is meritorious. *See* Motion for Leave, at 13-16. This is because Auerbach has no claim for contribution against Landau. Auerbach does not assert that he and Landau acted together in committing the alleged wrongs as set forth in the Amended Complaint. Auerbach alleges only that Landau knew of, and was privy to the same information to which Auerbach was privy regarding KASL, Asher and 3PN, which FHF asserts to have been misrepresented and/or omitted ***by Auerbach***. *See* Motion for Leave, at 7. And Landau's

supposed knowledge of this information does not state a claim by Auerbach against Landau for contribution for an independent act that somehow united with Auerbach's to form a single injury. *See Walter Kidde*, 2002 U.S. Dist. LEXIS 15337, at *6 ("The only way for two independently acting parties to be joint tortfeasors . . . is if they cause a single injury that cannot be apportioned."). Indeed, because the alleged misrepresentations by Auerbach and supposed knowledge of facts by Landau are severable as to time, and neither Auerbach nor Landau had the opportunity to guard against the other's acts, and each allegedly breached a different duty to the plaintiffs, the parties cannot be considered joint tortfeasors. *See Id.*

**CONCLUSION**

For the reasons set forth in this Memorandum, the motion by Kevin Auerbach to join Steven Landau as a third party defendant pursuant to Fed. R. Civ. P. 14(a) should be denied.

Respectfully submitted,

/s/ Jonathan S. Liss

David Smith (Attorney I.D. 21480)
Jonathan S. Liss (Attorney I.D. 84565)
Jessica W. Troiano (Attorney I.D. 87740)

Attorneys for Plaintiff, *Steven Landau*

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
(215) 751-2000

Of Counsel.

Dated: October 13, 2006.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of October, a true and correct copy of the foregoing Response of Steven Landau to Motion by Kevin Auerbach for leave to join Steven Landau, Kenneth Henley, Buchanan Ingersoll Professional Corporation and Michael J. Flinn, Esquire as third party defendants in the action styled *FHF Partners v. Kevin Auerbach* was served by the electronic service and first class United States mail, postage prepaid, on the following:

Oliver D. Griffin, Esquire
Weir & Partners LLP
The Widener Building
1339 Chestnut Street, Suite 500
Philadelphia, PA 19107

Larry H. Spector, Esq.
Kaufman, Coren & Ress, P.C.
1717 Arch Street, Suite 3710
Philadelphia, PA 19103

/s/ Jonathan S. Liss
Jonathan S. Liss