IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FHF PARTNERS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KEVIN AUERBACH,<br><br>　　　　Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>STEVEN LANDAU and<br>KENNETH HENLEY, ESQUIRE<br><br>　　　　Third-Party Defendants. | CASES CONSOLIDATED UNDER<br>DOCKET NO. 05-cv-5309 |
| STEVEN LANDAU,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KEVIN AUERBACH,<br><br>　　　　Defendant. | |

## THIRD PARTY COMPLAINT

Kevin Auerbach, by and through his undersigned counsel, Weir & Partners LLP, hereby brings this action as Third-Party Plaintiff against Third-Party Defendants, Steven Landau, and Kenneth Henley, Esquire, as follows:

## PARTIES

1. Third-Party Plaintiff, Kevin Auerbach ("Auerbach"), is an adult individual residing at 527 Revere Road, Merion, Pennsylvania 19066.

2. Third-Party Defendant, Steven Landau ("Landau"), is an adult individual residing at 2 Keswick Drive, Voorhees, New Jersey 08043.

3. Third-Party Defendant, Kenneth Henley, Esquire ("Henley"), is an adult individual residing at 440 N. Rose Lane, Haverford, Pennsylvania 19041. Henley is licensed to practice law in the Commonwealth of Pennsylvania. (Collectively, Landau and Henley are referred to as the "Third-Party Defendants".)

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action pursuant to section 27 of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78aa, since the matter in controversy involves a claim for contribution under the 1934 Act.

5. This Court also has supplemental and pendent jurisdiction over the claims against the Third-Party Defendants in that the Third-Party Complaint arises out of the matters alleged in the original Amended Complaint previously filed in this action.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims by the plaintiff, FHF Partners ("FHF") and of Auerbach, occurred within this district.

## PRIOR PLEADINGS

7. On October 11, 2005, FHF filed a complaint (the "Original Complaint") against Auerbach and Auerbach's investment advisory firm, KMA Financial Group LLC ("KMA"). In

the Original Complaint, FHF stated that Jane Henley and Kenneth Henley, husband and wife, acted as FHF's agent and recommended certain investments to FHF.

8. The Original Complaint was amended subsequent to the filing by KMA and Auerbach of a joint Motion to Dismiss. On May 15, 2006, FHF filed its Amended Complaint against Auerbach, only. The Original Complaint and the Amended Complaint did not name Landau as a party defendant.

9. FHF now alleges, among other things, that Auerbach, in his capacity as a founder of, manager of and partner in KASL Enterprises, L.P. ("KASL"), engaged in fraud by misrepresenting to FHF certain facts which, if known to FHF, would have caused FHF not to invest certain funds with KASL. Due to these alleged misrepresentations, FHF avers losses in excess of $500,000.

10. On June 30, 2006, Auerbach filed his Answer and Affirmative Defenses to the Amended Complaint.

## BACKGROUND RELEVANT TO LANDAU AND HENLEY

11. FHF is a limited partnership whose general partner is Mitchell Fromstein ("Fromstein").

12. Fromstein is Jane Henley's father and Kenneth Henley's father-in-law.

13. Per the allegations in the Original Complaint, at all times relevant hereto, the Henleys were the agents for FHF.

14. 3PN, LLP ("3PN") is a start-up medical technology company that had plans to develop (or has developed) a system to ease and centralize the process by which physicians make notes in their patients' charts. Upon information and belief, 3PN is still operating today.

15. At or about the time of 3PN's formation, Landau restructured Asher Resources ("Asher"; an entity originally formed by Landau) to form Asher LLC ("Asher LLC"), a Pennsylvania limited liability company, for the purpose of providing consulting and management services. The membership interests in Asher, LLC were held 50% by Landau and 50% by Auerbach.

16. In or about November, 2003, Asher and 3PN entered into an agreement under which Asher was engaged by 3PN to provide consulting services, among other things. A true and correct copy of the 3PN Consulting Agreement, Phase I, is attached hereto as Exhibit "A" and made a part hereof.

17. In as early as December, 2003, Buchanan Ingersoll, P.C. ("BIPC") (n/k/a Buchanan Ingersoll & Rooney, P.C.) and Michael J. Flinn, Esquire ("Flinn"), a shareholder of BIPC, was engaged by Landau to provide services to Revere Holdings, LLC ("Revere"), a limited liability company with its membership interests held 50%-50% by Landau and Auerbach and, Asher LLC. Flinn was also providing services to 3PN, at or about this time, including preparing a prospectus for 3PN.

18. In December, 2003, Henley entered into a Mutual Confidentiality Agreement with 3PN regarding the exchange of certain proprietary information from 3PN to Henley. A copy of the Mutual Confidentiality Agreement is attached hereto as Exhibit "B" and made a part hereof.

19. On December 1, 2003, Henley received shares in 3PN in consideration for services to be performed by Henley for 3PN. A true and correct copy of the December 1, 2003 stock certificate is attached hereto as Exhibit "C" and made a part hereof.

20. Additionally, on March 2, 2004, and pursuant to a Subscription Agreement by and between Henley and 3PN, Henley directly purchased $50,000 of additional shares in 3PN.[1] A true and correct copy of the March 2, 2004 Subscription Agreement is attached hereto as Exhibit "D" and made a part hereof.

21. In early 2004, Auerbach and Landau formed KASL Enterprises, L.P., a Delaware limited partnership, for the purpose of locating and identifying enterprises for investment opportunities and to generate returns for its partners. The general partner of KASL was Revere. Landau and Auerbach each initially held a 49.5% interest in KASL as limited partners.

22. KASL invested in, among other things, emerging growth companies in various industries, including the high tech industry. In fact, KASL owned shares in 3PN.

23. In 2004, Henley entered into a consulting arrangement with Asher LLC, pursuant to which Henley provided legal services to both Asher LLC and KASL, acted in a business advisory capacity to Asher LLC and, through Asher LLC, consulted for 3PN. To facilitate the arrangement, Henley shared office space with Landau and Auerbach.

24. Henley worked closely with Auerbach and Landau on both 3PN and KASL endeavors through Asher LLC. Moreover, Henley took over significant administrative responsibilities at Asher LLC, beyond providing legal services, including hiring, firing, immigration matters, and other human resource related day-to-day responsibilities. Additionally, Henley created/edited investment documents and client presentations, as well as participated in solicitation of funds during KASL's October 2004 fundraising campaign.

---

[1] Moreover, in or about April, 2004, Henley made a second purchase of 3PN stock, again in the amount of $50,000.

25. Throughout his consultancy for Asher LLC and KASL, Henley engaged in daily conversations with Auerbach and Landau regarding 3PN and KASL, and had broad access to and knowledge of the business operations of 3PN and KASL.

26. In or about March, 2004, now intimately familiar with the plans for both KASL and 3PN, Henley advised Auerbach and Landau that he knew of a potential investor to solicit for KASL and 3PN; namely, Mitchell Fromstein ("Fromstein"). Upon information and belief, Henley and/or Henley's wife Jane contacted Fromstein and "pitched" KASL and 3PN as investment opportunities for Fromstein.

27. Effective July, 1, 2004, Henley was formally engaged as a consultant to Asher LLC, although he had been providing services to it previously. In exchange for providing consulting services to Asher LLC (and through it, to KASL and 3PN), Henley received compensation from Asher LLC, including $7,000 per month, plus shares of KASL stock (valued at $80,000) and 3PN stock (valued at $45,000). A copy of the agreement between Henley and Asher LLC and exhibits and addendum thereto, are attached hereto collectively as Exhibit "E" and made a part hereof.

28. In April, 2004, 3PN and Asher LLC entered into Phase II of the Consulting Agreement, which agreement extended their relationship. A copy of the Phase II Agreement is attached hereto as Exhibit "F" and made a part hereof.

29. During the months of April – July, 2004, Auerbach and Landau made significant gains with their endeavors at Asher LLC and KASL. With the assistance of BIPC, KASL commenced the preparation of a private placement memorandum (the "PPM"). A copy of the initial PPM, attached as Exhibit "A" to the Amended Complaint, is incorporated herein by reference.

30. The PPM, drafted by BIPC with the assistance of Landau, was distributed to potential investors starting in late June, 2004.

31. Shortly before the issuance of the PPM, Landau and Auerbach met with representatives of 3PN regarding the continuation of consulting services by Asher LLC. Henley was well aware of these meetings and of the issues raised at these meetings by representatives of 3PN.

32. On July 8, 2004, Asher LLC and 3PN entered into a consensual Settlement Agreement and Release (the "3PN Settlement Agreement"), the terms of which agreement provided for, among other things, the severance of the relationship, the repurchase of 3PN shares held by Asher LLC, and the resignation of Landau and Auerbach from their management positions at 3PN. Flinn and BIPC drafted the 3PN Settlement Agreement. A true and correct copy of the 3PN release is attached hereto as Exhibit "G" and made a part hereof.

33. Shortly thereafter, Henley was advised by Landau and Auerbach (and possibly other employees and/or consultants of Asher LLC) that 3PN and Asher LLC mutually agreed not to enter into a formal Phase III agreement with each other.

34. On or about July 13, 2004, FHF, by Fromstein, and following, upon information and belief, a solicitation by Henley and/or Henley and his wife Jane, executed a Subscription Agreement for the purchase of $400,000 in interests in KASL. A true and correct copy of the executed Subscription Agreement is attached hereto as Exhibit "H" and made a part hereof.

35. On August 9, 2004, Henley was notified by 3PN in writing, that a new management team had replaced Asher LLC, and that under the terms of the 3PN Settlement Agreement. A true and correct copy of the August 9, 2004 letter is attached hereto as Exhibit "I" and made a part hereof.

36. On September 7, 2004, FHF, by Fromstein, executed a second Subscription Agreement (the "Second Subscription Agreement") reflecting an additional $100,000 investment in KASL by FHF. A true and correct copy of the Second Subscription Agreement is attached hereto as Exhibit "J" and made a part hereof.

37. Ultimately, KASL was unsuccessful in raising sufficient capital to sustain its investments.

38. Landau, and to a significant extent Henley, knew of and was privy to the same information to which Auerbach was privy regarding KASL, Asher LLC and 3PN, and which information FHF asserts to have been misrepresented and/or omitted by Auerbach.

COUNT I – CONTRIBUTION
Kevin Auerbach v. All Third-Party Defendants

39. Third-Party Plaintiff Auerbach incorporates herein by reference paragraphs 1-38, above, as though set forth herein in their entirety.

40. The losses alleged to have been sustained by FHF, which Auerbach denies, arose entirely from, or were contributed to by, the acts and/or omissions of the Third-Party Defendants.

41. While Auerbach has denied, and does deny, that he is in anyway liable to FHF, if it be shown that Auerbach is in fact in anyway liable to FHF on account of the matters and things alleged in FHF's Amended Complaint, then Auerbach, as Third-Party Plaintiff, is entitled to recover contribution from the Third-Party Defendants, jointly and severally, for the full amount of any judgment that might be rendered against Auerbach.

WHEREFORE, if Third-Party Plaintiff Auerbach is found liable to FHF, then Auerbach demands judgment over and against the Third-Party Defendants, jointly and severally, for the

full amount of any such losses and/or for contribution, plus costs of suit and such other and further relief as the Court deems just and proper.

                            WEIR & PARTNERS LLP

By:     /s/ Oliver D. Griffin
        Bonnie R. Golub, Esquire
        Oliver D. Griffin, Esquire
        The Widener Building, Suite 500
        1339 Chestnut Street
        Philadelphia, PA 19107
        (215) 665-8181 (phone)
        (215) 665-8464 (fax)

Dated: March 8, 2007